

**U.S. Department of Justice**

*United States Attorney*
*District of New Jersey*

_____

970 Broad Street, 7th floor          973-645-2700
Newark, New Jersey 07102

CS/PL AGR
2024R00451

June 7, 2024

Henry Klingeman, Esq.
Klingeman Cerimele Attorneys
100 Southgate Parkway
Morristown, NJ 07962-199

Re:    <u>Plea Agreement with Silvia Cardoso</u>

Dear Mr. Klingeman:

This letter sets forth the plea agreement between your client, Silvia Cardoso ("Cardoso"), and the United States Attorney for the District of New Jersey ("this Office"). This offer will expire on **June 14, 2024**, if it is not accepted in writing by that date. If Cardoso does not accept this plea agreement, her sentencing exposure could increase beyond what is discussed in this plea agreement as a result of this Office's investigation.

<u>Charge</u>

Conditioned on the understandings specified below, this Office will accept a guilty plea from Cardoso to an Information charging Cardoso with wire fraud conspiracy, contrary to 18 U.S.C. § 1343, in violation of 18 U.S.C. § 1349. If Cardoso enters a guilty plea and is sentenced on this charge and otherwise fully complies with this agreement, this Office will not initiate any further criminal charges against Cardoso for her involvement in a conspiracy to defraud the Graduate School from in or around 2009 to in or around July 2022.

But if a guilty plea in this matter is not entered for any reason or a guilty plea or judgment of conviction entered in accordance with this agreement does not remain in full force and effect, this Office may reinstate any dismissed charges and initiate any other charges against Cardoso even if the applicable statute of limitations period for those charges expires after Cardoso signs this agreement, and Cardoso agrees not to assert that any such charges are time-barred.

Sentencing

The violation of 18 U.S.C. § 1349 to which Cardoso agrees to plead guilty in the Information carries a statutory maximum prison sentence of 20 years and a statutory maximum fine equal to the greatest of (1) $250,000, or (2) twice the gross amount of any pecuniary gain that any persons derived from the offense, or (3) twice the gross amount of any pecuniary loss sustained by any victims of the offense. Fines imposed by the sentencing judge may be subject to the payment of interest.

The sentence to be imposed upon Cardoso is within the sole discretion of the sentencing judge, subject to the provisions of the Sentencing Reform Act, 18 U.S.C. §§ 3551-3742, and the sentencing judge's consideration of the United States Sentencing Guidelines. Those Guidelines are advisory, not mandatory. The sentencing judge may impose any reasonable sentence up to and including the statutory maximum term of imprisonment and the maximum statutory fine. This Office cannot and does not make any representation or promise as to what Guidelines range may be found by the sentencing judge, or as to what sentence Cardoso ultimately will receive.

Further, in addition to imposing any other penalty on Cardoso, the sentencing judge as part of the sentence:

(1)     will order Cardoso to pay an assessment of $100 pursuant to 18 U.S.C. § 3013, which assessment must be paid by the date of sentencing;

(2)     must order Cardoso to pay restitution pursuant to 18 U.S.C. § 3663 *et seq.*;

(3)     may order Cardoso, pursuant to 18 U.S.C. § 3555, to give reasonable notice and explanation of the conviction to any victims of her offense;

(4)     must order forfeiture, pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461; and

(5)     pursuant to 18 U.S.C. § 3583, may require Cardoso to serve a term of supervised release of not more than 3 years, which will begin at the expiration of any term of imprisonment imposed. Should Cardoso be placed on a term of supervised release and subsequently violate any of the conditions of supervised release before the expiration of its term, Cardoso may be sentenced to not more than 2 years' imprisonment in addition to any prison term previously imposed, regardless of the statutory maximum term of imprisonment set forth above and without credit for time previously served on post-release supervision, and may be sentenced to an additional term of supervised release.

Restitution

Pursuant to the Mandatory Victim Restitution Act, 18 U.S.C. § 3663A, Cardoso agrees to pay full restitution to the victims of the offense charged in the Information in an amount that fully compensates the victims for the losses sustained as a result of that offense.

Forfeiture

As part of Cardoso's acceptance of responsibility, and pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c), she agrees to forfeit to the United States all of right, title, and interest in any property, real or personal, which constitutes or was derived from proceeds she obtained that are traceable to the offense charged in the Information. Cardoso further acknowledges that one or more of the conditions set forth in 21 U.S.C. § 853(p) exists; and that the United States is entitled to forfeit substitute assets equal to the value of the proceeds obtained by the defendant (the "Money Judgment"). Cardoso consents to the entry of an order requiring her to pay the Money Judgment, in the manner described below (the "Order"), and that the Order will be final as to her prior to sentencing, pursuant to Rule 32.2(b)(4) of the Federal Rules of Criminal Procedure, and which may be satisfied in whole or in part with substitute assets.

All payments made in full or partial satisfaction of the Money Judgment shall be made by postal money order, bank, or certified check, made payable in this instance to the United States Marshals Service, indicating the defendant's name and case number on the face of the check; and shall be delivered by mail to the United States Attorney's Office, District of New Jersey, Attn: Asset Recovery and Money Laundering Unit, 970 Broad Street, 7th Floor, Newark, New Jersey 07102. Cardoso further agrees that upon entry of the Order, this Office may conduct any discovery needed to identify, locate, or dispose of property sufficient to pay the Money Judgment in full or in connection with any petitions filed with regard to proceeds or substitute assets, including depositions, interrogatories, and requests for production of documents, and the issuance of subpoenas.

Cardoso waives the requirements of Fed. R. Crim. P. 32.2 and 43(a) regarding notice of the forfeiture in the charging instrument, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment. Cardoso understands that criminal forfeiture is part of the sentence that may be imposed in this case and waives any failure by the court to advise her of this pursuant to Fed. R. Crim. P. 11(b)(1)(J) at the guilty plea proceeding. Cardoso waives all constitutional, statutory, and other challenges to the forfeiture on all grounds, including that the forfeiture constitutes an excessive fine or punishment under the Eighth Amendment. Cardoso further understands that she has no right to demand that any forfeiture of her assets be treated as satisfaction of any fine, restitution,

cost of imprisonment, or any other penalty the Court may impose upon her in addition to forfeiture.

Cardoso further agrees that, not later than the date she enters a guilty plea, she will provide a complete and accurate Financial Disclosure Statement on the form provided by this Office. If Cardoso fails to do so, or if this Office determines that she has intentionally failed to disclose assets on the Financial Disclosure Statement, that failure constitutes a material breach of this agreement, and this Office reserves the right, regardless of any agreement or stipulation that might otherwise apply, to oppose any downward adjustment for acceptance of responsibility pursuant to U.S.S.G. § 3E1.1, and to seek leave of the Court to withdraw from this agreement or seek other relief.

Rights of This Office Regarding Sentencing

Except as otherwise provided in this agreement, this Office may take any position with respect to the appropriate sentence to be imposed on Cardoso by the sentencing judge. This Office may also correct any misstatements relating to the sentencing proceedings and provide the sentencing judge and the United States Probation Office all law and information relevant to sentencing, favorable or otherwise. And this Office may inform the sentencing judge and the United States Probation Office of: (1) this agreement; and (2) the full nature and extent of Cardoso's activities and relevant conduct with respect to this case.

Stipulations

This Office and Cardoso will stipulate at sentencing to the statements set forth in the attached Schedule A, which is part of this plea agreement. Both parties understand that the sentencing judge and the United States Probation Office are not bound by those stipulations and may make independent factual findings and may reject any or all of the parties' stipulations. Nor do these stipulations restrict the parties' rights to respond to questions from the Court and to correct misinformation that has been provided to the Court.

This agreement to stipulate on the part of this Office is based on the information and evidence that this Office possesses as of the date of this agreement. Thus, if this Office obtains or receives additional evidence or information prior to sentencing that it believes materially conflicts with a Schedule A stipulation, that stipulation shall no longer bind this Office. A determination that a Schedule A stipulation is not binding shall not release the parties from any other portion of this agreement, including any other Schedule A stipulation.

If the sentencing court rejects a Schedule A stipulation, both parties reserve the right to argue on appeal or at post-sentencing proceedings that the sentencing court did so properly. Finally, to the extent that the parties do not stipulate to a

- 4 -

particular fact or legal conclusion in this agreement, each reserves the right to argue how that fact or conclusion should affect the sentence.

## Waiver of Appeal and Post-Sentencing Rights

As set forth in Schedule A and the paragraph below, this Office and Cardoso waive certain rights to appeal, collaterally attack, or otherwise challenge the judgment of conviction or sentence.

## Immigration Consequences

Cardoso understands that, if Cardoso is not a citizen of the United States, Cardoso's guilty plea to the charged offense will likely result in Cardoso being subject to immigration proceedings and removed from the United States by making Cardoso deportable, excludable, or inadmissible, or ending Cardoso's naturalization. Cardoso understands that the immigration consequences of this plea will be imposed in a separate proceeding before the immigration authorities. Cardoso wants and agrees to plead guilty to the charged offense regardless of any immigration consequences of this plea, even if this plea will cause Cardoso's removal from the United States. Cardoso understands that Cardoso is bound by this guilty plea regardless of any immigration consequences. Accordingly, Cardoso waives any right to challenge the guilty plea, sentence, or both based on any immigration consequences. Cardoso also agrees not to seek to withdraw this guilty plea, or to file a direct appeal, or any kind of collateral attack challenging the guilty plea, conviction, or sentence, based on any immigration consequences of the guilty plea or sentence.

## Other Provisions

This agreement is limited to the United States Attorney's Office for the District of New Jersey and cannot bind other federal, state, or local authorities. If requested to do so, however, this Office will bring this agreement to the attention of other prosecuting offices.

This agreement was reached without regard to any civil or administrative matters that may be pending or commenced in the future against Cardoso. So this agreement does not prohibit the United States, any agency thereof (including the Internal Revenue Service and Immigration and Customs Enforcement) or any third party from initiating or prosecuting any civil or administrative proceeding against her.

No provision of this agreement shall preclude Cardoso from pursuing in an appropriate forum, when permitted by law, a claim that she received constitutionally ineffective assistance of counsel.

No Other Promises

This agreement constitutes the entire plea agreement between Cardoso and this Office and supersedes any previous agreements between them. No additional promises, agreements, or conditions have been made or will be made unless set forth in writing and signed by the parties.

Very truly yours,

PHILIP R. SELLINGER
United States Attorney

/s/ Carolyn Silane

By:    CAROLYN SILANE
Assistant U.S. Attorney

APPROVED:

LAUREN REPOLE
Chief, Economic Crimes Unit

I have received this letter from my attorney, Henry Klingeman, Esq. I have read it. My attorney and I have reviewed and discussed it and all of its provisions, including those addressing the charge, sentencing, stipulations (including the attached Schedule A), waiver, forfeiture, restitution, and immigration consequences. I understand this letter fully and am satisfied with my counsel's explanations. I accept its terms and conditions and acknowledge that it constitutes the plea agreement between the parties. I understand that no additional promises, agreements, or conditions have been made or will be made unless set forth in writing and signed by the parties. I want to plead guilty pursuant to this plea agreement.

AGREED AND ACCEPTED:


_____                    Date: _June 14, 2024_
Silvia Cardoso



I have reviewed and discussed with my client this plea agreement and all of its provisions, including those addressing the charge, sentencing, stipulations (including the attached Schedule A), waiver, forfeiture, restitution, and immigration consequences. My client understands this plea agreement fully and wants to plead guilty pursuant to it.


_____                    Date:    06/14/2024
Henry Klingeman, Esq.
Counsel for Defendant

- 7 -

Plea Agreement With Silvia Cardoso

Schedule A

1.      This Office and Cardoso recognize that the United States Sentencing
Guidelines do not bind the sentencing judge. Each party nevertheless agrees to
these stipulations.

2.      The version of the Guidelines effective November 1, 2023 applies in
this case.

3.      This Office and Cardoso agree to stipulate that the Graduate School
sustained losses of at least $1,300,000 as a result of the offense charged in the
Information. This Office and Cardoso agree that the loss sustained by the Graduate
School constitutes restitution as defined by Mandatory Victim Restitution Act, 18
U.S.C. § 3663A.

4.      The applicable guideline is U.S.S.G. § 2B1.1. This guideline carries a
Base Offense Level of 7 because conviction of the offense charged in the Information
carries a statutory maximum term of imprisonment of 20 years or more.

5.      Specific Offense Characteristic U.S.S.G. § 2B1.1(b)(1)(H) applies
because the loss amount was more than $550,000 but not more than $1,500,000.
The offense level is therefore increased by 14 levels.

6.      An adjustment under U.S.S.G. § 3B1.2(b) applies because the
defendant was a minor participant in the charged criminal activity. The offense
level is therefore increased by 2 levels.

7.      As of the date of this letter, Cardoso has clearly demonstrated a
recognition and affirmative acceptance of personal responsibility for the offenses
charged. Therefore, a downward adjustment of 2 levels for acceptance of
responsibility is appropriate if Cardoso's acceptance of responsibility continues
through the date of sentencing. *See* U.S.S.G. § 3E1.1(a).

8.      As of the date of this letter, Cardoso has assisted authorities in the
investigation or prosecution of her own misconduct by timely notifying authorities
of her intention to enter a plea of guilty, thereby permitting this Office to avoid
preparing for trial and permitting this Office and the court to allocate their
resources efficiently. At sentencing, this Office will move for a further 1-point
reduction in Cardoso's offense level pursuant to U.S.S.G. § 3E1.1(b) if the following
conditions are met: (a) Cardoso enters a plea pursuant to this agreement, (b) this
Office, in its discretion, determines that Cardoso's acceptance of responsibility has
continued through the date of sentencing and Martins therefore qualifies for a 2-
point reduction for acceptance of responsibility pursuant to U.S.S.G. § 3E1.1(a), and

- 8 -

(c) Cardoso's offense level under the Guidelines prior to the operation of § 3E1.1(a) is 16 or greater.

9.    If Cardoso establishes at sentencing that she both has no criminal history points and meets the other criteria in U.S.S.G. § 4C1.1, she will be entitled to a further two-level reduction in her offense level, resulting in a total Guidelines offense level of 14; otherwise, Cardoso's total Guidelines offense level will be 16 (the "Total Offense Level").

10.    The parties agree not to advocate for any upward or downward adjustment or departure from the Guidelines range resulting from (a) the Total Offense Level and (b) the criminal history category that the sentencing judge applies under Chapter 4 of the Guidelines without any departure or variance. But each party may seek a variance from that Guidelines range, which the other party may oppose.

11.    If the term of imprisonment does not exceed 27 months, and except as specified in the next paragraph below, Cardoso will not challenge or seek to reduce by any means any component of the sentence imposed by the sentencing judge for any reason other than ineffective assistance of counsel. The term "any means" includes a direct appeal under 18 U.S.C. § 3742 or 28 U.S.C. § 1291, a motion to vacate the sentence under 28 U.S.C. § 2255, a motion to reduce the term of imprisonment under 18 U.S.C. § 3582(c)(1) or (c)(2), a motion for early termination of supervised release under 18 U.S.C. § 3583(e)(1), and any other appeal, motion, petition, or writ, however captioned, that seeks to attack or modify any component of the sentence. If the term of imprisonment is at least 15 months, this Office will not challenge by appeal, motion, or writ any component of the sentence imposed by the sentencing judge. The provisions of this paragraph bind the parties even if the sentencing judge employs a Guidelines analysis different from the one above.

12.    Both parties reserve the right to file or to oppose any appeal, collateral attack, writ or motion not barred by the preceding paragraph or any other provision of this plea agreement. Moreover, the preceding paragraph does not apply to:

(a)    Any proceeding to revoke the term of supervised release.

(b)    A motion to reduce the term of imprisonment under 18 U.S.C. § 3582(c)(1)(A).

(c)    An appeal from the denial of a § 3582(c)(1)(A) motion on the grounds that the court erred in finding no extraordinary and compelling circumstances warranting a reduced term of imprisonment or that the court failed to consider those circumstances as a discretionary matter under the applicable factors of 18 U.S.C. § 3553(a).